**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** an Illinois Corporation,<br><br>          **Plaintiff,**<br><br>v.<br><br>**KURT LANGENHAHN; and<br>BECCO CONTRACTORS, INC.**<br><br>          **Defendants.** | )<br>)<br>)<br>)<br>)   Case No. 16-CV-28-JED-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

The Court has for its consideration defendant Kurt Langenhahn's Motion to Dismiss, and Brief in Support Thereof (Doc. 17), which plaintiff State Farm Fire and Casualty Company ("State Farm") has opposed (Doc. 18). The Court notes that Langenhahn did not file a Reply.

**I.    Background**

Plaintiff filed this lawsuit seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.*, concerning rights and liabilities under plaintiff's Homeowners Policy No. 36-CX-9236-7 ("the Policy"). The Policy was issued by plaintiff to defendant Langenhahn. In relevant part, the Policy provides that if a claim is made against the insured for damages due to bodily injury or property damage that is covered by the Policy and caused by an "occurrence," plaintiff will: (1) pay damages for which the insured is legally liable, up to its limit of liability, and (2) provide a defense at plaintiff's expense. (Doc. 2, ¶ 23).

This case arose as a result of Langenhahn's lawsuit against defendant Becco Contractors, Inc. ("Becco"), *Kurt Langenhahn v. Becco Contractors, Inc.*, Osage County Case No. CJ-2014-170, filed on August 28, 2014. Langenhahn is the owner of 156 acres in Osage County, on which his home and place of business are also located. In his lawsuit, Langenhahn alleges that Becco

disregarded the terms of its contract with Osage County and caused damage to Langenhahn's property and business when it undertook a road widening construction project on roads abutting Langenhahn's property. (*Id.*, ¶¶ 11-14). The Osage County action seeks recovery from Becco for the following damages: loss of use damages to Langenhahn's business and related expenses, destruction of the eco system on his property, creating a swamp, failing to place topsoil on his property, leaving debris and contaminants on his property, failing to reconnect the main water line to his property, damaging his personal and business vehicles, building driveways with substandard amounts of asphalt and underlayment into his business and residence, failing to restore the shale removed from his property, and damages from income-producing business. (*Id.*, ¶ 17). Becco filed a counterclaim against Langenhahn, seeking recovery for Langenhahn's alleged negligence and breach of agreement and obligations related to the construction project. (*Id.*, ¶ 19). In response to the Counterclaim, plaintiff has "subject to a reservation of its rights, tendered a defense to Langenhahn" under the Policy. (*Id.*, ¶ 21).

Plaintiff's lawsuit alleges that the Policy does not cover the loss alleged by Becco in its Counterclaim. Plaintiff alternatively argues that if coverage does extend to Langenhahn's alleged loss, the Policy contains applicable exclusions that preclude coverage. (*Id.*, ¶ 31). Plaintiff thus seeks a declaration from the Court that it has no obligation to indemnify Langenhahn, and no duty to defend Langenhahn nor satisfy any judgment entered against Langenhahn in the Osage County action or any other lawsuit based upon the same facts as the Counterclaim. (*Id.*, ¶ 33). Plaintiff cites 28 U.S.C. § 2201, which it asserts provides the Court authority to "declare the rights and other legal relations of parties seeking such a declaration." (*Id.*, ¶32).

## II. Legal Standard

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). The *Twombly* pleading standard is applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## III. Discussion

Langenhahn's Motion argues that the Complaint fails to allege facts sufficient to support a declaration that the Policy itself does not cover the Counterclaim asserted against plaintiff in the Osage County action, or that an exclusion to the Policy applies. (Doc. 17). Plaintiff's Response asserts that it has met its burden to survive a motion to dismiss and that Langenhahn's Motion improperly seeks to impose a burden on plaintiff that is higher than that required at this stage. (Doc. 18 at 3).

Plaintiff's Complaint asserts two claims: (1) that "coverage does not extend under the Policy for the loss alleged by Becco in its Counterclaim, and (2) if coverage does extend to the loss, exclusions, including those cited [in the Complaint], apply to exclude the loss alleged in Becco's Counterclaim from coverage under the Policy." (Doc. 2, ¶ 31).

As to the first claim, the Complaint states that Becco's alleged loss in its Counterclaim against Langenhahn consists of "labor and material costs." (*Id.*, ¶ 20). Plaintiff has provided that the Policy only applies to occurrences, defined as "an accident including exposure to conditions," that causes bodily injury or property damage. (*Id.*, ¶ 23). There is no indication of any bodily injury in this case. The definition of "property damage," as used in the Policy is "physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any insured is not property damage." (*Id.*, ¶ 25 (citing Ex. 1 at 2, ¶ 8). At this stage, plaintiff has alleged sufficient facts to suggest that the labor and material costs suffered by Becco do not meet the definition of property damage and thus are not covered under plaintiff's Policy. The Court accordingly finds that dismissal of plaintiff's first claim is inappropriate.

Plaintiff's second claim is that the business pursuits and/or insured location exclusions apply to exclude Becco's loss from the Policy's coverage. (*Id.*, ¶¶ 26, 28, 31). Plaintiff has alleged that Langenhahn's business is located on his 156 acres of land, which includes "rental buildings." (*Id.*, ¶¶ 8, 9, 13). The Complaint also reflects that Langenhahn's employees and clients would access his property. (*Id.*, ¶ 15). The business pursuits exclusion states that the Policy does not cover "bodily injury or property damage *arising out of business pursuits* of any insured or the rental or holding for rental of any part of any premises by any insured." (*Id.*, ¶ 26) (emphasis added). While plaintiff has alleged facts to show that Langenhahn conducted

business on the insured property, it has not shown that the damages incurred arose out of Langenhahn's business pursuits. In its Response, for the first time, plaintiff states that "Langenhan's agreements with Becco to improve the property were made to benefit Langenhahn's business." (Doc. 18 at 5). But this allegation appears nowhere in plaintiff's Complaint, which is the only document the Court may assess in ruling on a Rule 12(b)(6) motion. Plaintiff has thus failed to allege sufficient facts to support its claim regarding the applicability of the business pursuits exclusion.

Likewise, the Court is unable to find sufficient facts to support plaintiff's assertion that the insured location exclusion applies. Under the insured location exclusion, there is no coverage for "bodily injury or property damage arising out of any premises currently owned or rented to any insured which is not an insured location." (*Id.*, ¶ 28). The definition of an "insured location" under the Policy includes "residence premises." (*Id.*, ¶ 29). Even viewing the facts in a light most favorable to plaintiff, plaintiff has not asserted any facts to suggest that the alleged damage that occurred was not on Langenhahn's property, which was also his place of residence. Further, in its Response, plaintiff appears to have abandoned the insured location exclusion, as it fails to discuss the insured location exclusion, but does raise the business pursuits exclusion. *See* Doc. 18 at 3 ("The facts presented by State Farm in support of its insurance coverage position, including facts supporting the application of the business pursuits exclusion, are clearly sufficient to withstand Langenhahn's motion to dismiss."). Thus, the Court grants Langenhahn's Motion as to plaintiff's exclusion claim.

Finally, the Court agrees with plaintiff that Langenhahn's arguments regarding plaintiff's duty to defend him are untimely. (Doc. 18 at 7-8). To be clear, while the relief plaintiff seeks is a declaratory judgment stating in part that it has no duty to defend Langenhahn in the Osage

County action, the claims it asserts in its Complaint are limited to the two discussed above. However, that is not to say that an analysis of plaintiff's duty to defend Langenhahn will not be relevant at a later stage of this litigation.

**IV.     Conclusion**

For the reasons discussed, the Court finds that defendant Kurt Langenhahn's Motion to Dismiss, and Brief in Support Thereof (Doc. 17) should be **granted in part** and **denied in part**.

SO ORDERED this 29th day of September, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE