IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

STATE FARM FIRE AND CASUALTY
COMPANY,

                Plaintiff,

vs.

KURT LANGENHAHN and BECCO
CONTRACTORS, INC.,

                Defendants.

Case No. 16-CV-28-JED-FHM

**OPINION AND ORDER**

Plaintiff State Farm's Motion for Protective Order/Motion to Quash, [Dkt. 29], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 29, 35, 39, 40], and is ripe for decision.

Plaintiff seeks a protective order relating to the Rule 30(b)(6) notice to take deposition and Rule 34(a) document requests by Defendant Langenhahn in this declaratory judgment action. The issues in this case relate to whether damages Defendant Becco seeks to recover from Langenhahn are covered by Langenhahn's homeowner's policy issued by State Farm. The damages Becco seeks to recover from Langenhahn consist of labor and material costs relating to a construction project. It is State Farm's position that those damages are economic damages, not damages for "bodily injury" or "property damage" as those terms are defined in the homeowner's policy and therefore the damages are not covered by the policy.

Langenhahn seeks testimony of a State Farm corporate designee on several topics, including "all facets and scope and parameters of the general liability insurance clause and all of its related damages clause(s), including all alleged exclusions." [Dkt. 29-7].

Langenhahn also seeks the production of, and a person to testify concerning, any and all training materials used to teach and instruct adjusters, including case studies, "go bys," videos, powerpoint presentations, slide shows, films, flash cards, seminar materials, poster boards, checklists, electronic materials, policies, procedures, bulletins, etc. State Farm seeks a protective order contending the topics set forth and the documents requested are not relevant and do not meet the requirement of proportionality to the claims and defenses in the case as required by Fed.R.Civ.P. 26(b)(1).[1]  Langenhahn's response brief and supplemental brief completely fail to address the issues of relevancy and proportionality of the discovery sought.

Langenhahn has not explained the relevancy or how the discovery serves the needs of the case, and the wide ranging and broad discovery sought by Langenhahn does not, on its face, appear to be relevant to the issues presented or proportional to the needs of the case.  Therefore, Plaintiff State Farm's Motion for Protective Order/Motion to Quash, [Dkt. 29], is GRANTED.

SO ORDERED this 20th day of October, 2016.

*Frank H. McCarthy*
FRANK H. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] Fed.R.Civ.P. 26(b)(1) provides in relevant part:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . "